588 P.2d 867

**The STATE of Arizona, Appellee,**

v.

**Earle C. BROWN, Appellant.**

**No. 2 CA–CR 1480.**

Court of Appeals of Arizona, Division 2.

Dec. 21, 1978.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Phoenix, and Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Risner, Raven & Collins by William J. Risner, Tucson, for appellant.

OPINION

RICHMOND, Chief Judge.

This is an appeal from a conviction for first degree burglary. The only issue is

whether the appellant was wrongfully excluded from the Pima County Adult Diversion Program.

The adult diversion program is a project established by the county attorney's office. Successful completion of the program results in felony charges being dismissed with prejudice. The program is administered by and is a division of the county attorney's office, which has established the qualifications for admission. Candidates are referred by a prosecuting attorney, and members of the project staff then make a recommendation as to the candidate's fitness for admission to the program.

Appellant's attack on the denial of his request for placement in the program is based on the following statement in the Executive Summary of the Adult Diversion Project's Third Annual Report:

> In order for a person to participate in the Program, an applicant must not only meet the criteria of the County Attorney's office, but must also have the approval of both the victim(s) *and the arresting officer.* (Emphasis supplied.)

Appellant urges that this language gives the police a veto power over admissions to the program. Such power, he argues, is an improper delegation of the ‚county attorney's prosecutorial discretion. We need not reach that question, however, because the evidence supports the trial court's finding that the decision was not dependent on the police officer's rejection. The project director testified that appellant was rejected because he did not meet the minimum criteria of diversion in that he was a "high risk client."

Appellant also argues that the trial court abused its discretion in not ordering that he be accepted into the program. In considering a candidate's admission, the project staff examines many factors, including the person's background, previous law enforcement involvement, the offense itself and overall amenability to the program. When appellant was first considered, these factors were examined and he was unanimously rejected by the staff. The fact that the police later concurred in the rejection and the county attorney did not override that decision did not warrant interference by the trial court. Generally, courts have no power to interfere with the discretion of the prosecutor unless he is acting illegally or in excess of his powers. *State v. Murphy*, 113 Ariz. 416, 555 P.2d 1110 (1976).

Affirmed.

HOWARD and HATHAWAY, JJ., concur.