666 P.2d 540

Lloyd **ROBERTSON, Superintendent of the Arizona Department of Liquor Licenses and Control, Nicholas Guttilla and Robert K. Corbin, Petitioners,**

v.

**SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF PIMA, and Joseph Bonanno, real party in interest, Respondents.**

No. 2 CA–CIV 4819.

Court of Appeals of Arizona, Division 2.

May 26, 1983.

Robert K. Corbin, Atty. Gen. by John F. Kelly, Asst. Atty. Gen., Tucson, for petitioners.

Donau & Bolt by Alfred S. Donau, III, Tucson, for respondents.

## OPINION

HOWARD, Chief Judge.

The sole issue in this special action is whether the superior court, in a petition for special action, is limited to reviewing the record made before the Arizona Liquor Board. We assume jurisdiction as we agree with petitioners that only the evidence presented to the board could be considered in reviewing its order denying a motion to quash a subpoena for deposition.

Real party in interest Joseph Bonanno, was subpoenaed to appear for deposition in a contested matter before the liquor board. He filed a motion to quash the subpoena on the ground that the stress generated by oral deposition might be fatal to him. Appended to the motion were various medical records which indicated a variety of medical problems in recent years, including heart disease, hypertension, a partially occluded internal carotid artery and cancer of the bladder. There was no medical evidence that an oral deposition would be life-threatening to him. The hearing officer therefore denied the motion to quash on the ground that Bonanno had not presented a sufficient basis to justify quashing the subpoena.

A superior court special action was filed alleging that the hearing officer had acted arbitrarily, capriciously, improperly and with reckless disregard for the well-being of Bonanno. Medical evidence was presented which had not been presented to the liquor board hearing officer. Petitioners objected to the admission of this evidence, arguing that the superior court was limited to consideration of the evidence presented to the board. Bonanno's position was that this was a trial de novo and therefore such evidence was admissible. The respondent court allowed the evidence which was in the form of an affidavit by one doctor and the testimony of another. According to both doctors, it would be inadvisable for Bonanno to subject himself to oral deposition which might cause a severe or fatal myocardial infarction. The respondent court found that the hearing officer had acted arbitrarily in denying the motion to quash, considering Bonanno's age, his present health condition, and the fact that he was not a party to the proceeding before the liquor board. It was ordered that the board's order be modified to require that

written interrogatories be served upon Bonanno, to be answered by him under oath.

■ Initially we would point out that the proceedings below were not brought pursuant to the Administrative Review Act, A.R.S. § 12–901 et seq.[1] Therefore a trial de novo as provided in A.R.S. § 12–910 was not available. This was a special action and the only questions to be considered were: (a) whether the hearing officer had failed to exercise discretion which he had a duty to exercise; or to perform a duty required by law as to which he had no discretion; or (b) whether the hearing officer had proceeded or was threatening to proceed without or in excess of jurisdiction or legal authority, or (c) whether his determination was arbitrary and capricious or an abuse of discretion. Rule 3, Rules of Procedure for Special Actions, 17A A.R.S.

■ Under these circumstances, the superior court was limited to reviewing the record made before the liquor board and could not hold a trial de novo. *City of Phoenix v. Superior Court in and for the County of Maricopa,* 110 Ariz. 155, 515 P.2d 1175 (1973). In order to find an abuse of discretion, arbitrariness, or capriciousness, it would have had to find that under similar circumstances no reasonable hearing officer would have denied the motion to quash the subpoena. *Quigley v. City Court of the City of Tucson,* 132 Ariz. 35, 643 P.2d 738 (App.1982). The administrative record does not disclose such an abuse of discretion. As we indicated above, the medical records submitted to the hearing officer showed only that Bonanno had numerous health problems for a period of years. There was nothing to indicate that an oral deposition would generate such a stressful situation that his health would be endangered.

The order of the superior court is vacated and set aside.

HATHAWAY and BIRDSALL, JJ., concur.

1. A.R.S. § 4–211 provides that decisions of the board shall be subject to judicial review pursuant to the act.