139 Ariz. 332 (1983)
678 P.2d 517
BOOK CELLAR, INC., an Arizona corporation, Petitioner-Appellant,
v.
CITY OF PHOENIX, Board of Adjustment of the City of Phoenix; and Larry Lazarus, Ernest Nedd, Jr., Ronald Bookbinder, Barbara Jarvis, Herman Orcutt, Albert Rogahn and Marie Peipelman, as members of the Board of Adjustment, Respondents-Appellees.
No. 1 CA-CIV 5901.
Court of Appeals of Arizona, Division 1, Department B.
December 15, 1983.
Review Denied March 13, 1984.
*333 Dushoff & Sacks by Robert V. Kerrick, James M. Balogh, Phoenix, for petitioner-appellant.
Andy Baumert, City Atty. by Edward P. Reeder, Asst. City Atty., Phoenix, for respondents-appellees.
OPINION
GRANT, Judge.
This is an appeal from the dismissal of appellant's special action for failure to state a claim upon which relief could be granted. The issue raised is whether the superior court, pursuant to the Arizona Rules of Procedure for Special Actions (Rules), has jurisdiction to review a City of Phoenix Board of Adjustment decision to determine whether it was arbitrary, capricious, or an abuse of discretion. We find that the trial court erred in dismissing the action and remand for further proceedings.
On August 12, 1980, appellant, Book Cellar, Inc., filed an application asking the City Zoning Administration to interpret § 417(B)(2) of the City Zoning Ordinance to determine whether certain state owned and operated property known as the State Fairgrounds is subject to the requirement and use limitations of this zoning ordinance.
*334 At the first public hearing, the City Zoning Administrator found that although the State Fairgrounds was residentially zoned, such zoning did not bear a relationship to the intent of § 417(B)(2) and the use limitation brought about by such zoning was not applicable to Book Cellar's business. On October 8, 1980, a second public hearing was held before the Board of Adjustment to consider the City's appeal of the Zoning Administrator's decision. The Board reversed the decision of the Zoning Administrator, and held that the State Fairgrounds was, for the purposes of determining the applicability of § 417(B)(2), residentially zoned.
Book Cellar filed a Petition for Special Action and a Petition for Order to Show Cause in the Superior Court challenging the Board of Adjustment's decision as being arbitrary, capricious, and an abuse of discretion. On motion of the City, the Superior Court, without reaching the merits of Book Cellar's challenge, dismissed Book Cellar's special action for failure to state a claim upon which relief could be granted. Book Cellar now appeals to this court from the dismissal of the action by the Superior Court.
Appellees (City of Phoenix) argued below and on appeal that Book Cellar's Petition for Special Action failed to state a claim upon which relief could be granted because the statute authorizing certiorari, A.R.S. § 12-2001, does not permit review of a lower tribunal's decision for abuse of discretion, which is the basis of appellant's claim for relief. Rather, argue appellees, the superior court's jurisdiction to review Board of Adjustment decisions is limited to those actions taken in excess of the Board's jurisdiction.
Book Cellar argues that the Rules, statutes, and case law clearly establish its right to judicial review, via special action, of a Board of Adjustment decision to determine if it was arbitrary, capricious, or an abuse of discretion. We agree.
We note first that the Rules specifically govern special actions originating under A.R.S. §§ 12-2001 et seq. Rule 1(a) states:
Relief previously obtained against a body, officer, or person by writs of certiorari, mandamus, or prohibition in the trial or appellate courts shall be obtained in an action under this Rule, and any reference in any statute or rule to any of these writs, unless excepted in the next subsection, shall be deemed to refer to the special action authorized under this Rule. Special forms and proceedings for these writs are replaced by the special action provided by this Rule, and designation of the proceedings as certiorari, mandamus, or prohibition is neither necessary nor proper. Except as authorized by statute, the special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal; and nothing in these rules shall be construed as enlarging the scope of the relief traditionally granted under the writs of certiorari, mandamus, and prohibition.
Rule 3 of the Rules explicitly authorizes the review sought by Book Cellar in this case:
The only questions that may be raised in a special action are:
(a) Whether the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion; or
(b) Whether the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority; or
(c) Whether a determination was arbitrary and capricious or an abuse of discretion.
See Robertson v. Superior Court, 136 Ariz. 440, 666 P.2d 540 (App. 1983).
The City argues that although the Arizona Supreme Court has the power to make rules relative to all procedural matters in any Arizona court, Ariz. Const. art. 6, § 5 (1960), the Supreme Court cannot confer or enlarge the jurisdiction of any court by *335 adopting rules. A.R.S. § 12-109(A).[1] Authorizing the superior court to entertain certiorari actions on the basis of "abuse of discretion" argue appellees, would clearly "enlarge" the rights of appellant by enabling it to file an "appeal" not authorized by statute or by the Arizona Constitution. This would at the same time, argues the City, "abridge" its substantive rights by compelling it to defend an "appeal" not authorized by the Constitution or by statutes.
The City's arguments misconstrue the nature of special actions and the function of the Rules regarding them. We recognize that the "classic function" of the writ of certiorari is to control acts beyond the jurisdiction of another body. State Bar Committee note to Rule 3. However, as appellant points out, certiorari has also been used to review abuse of discretion of the judicial functions of a lower tribunal as well. In State ex rel. Ronan v. Superior Court, 95 Ariz. 319, 390 P.2d 109 (1964), our Supreme Court frankly adopted the California view that an "abuse of discretion" may be reviewed by certiorari. The Court stated: "At both common law and under a statute similar to A.R.S. § 12-2001, and taken from California as was our statute, a writ of certiorari may be used to review abuse of discretion." 95 Ariz. at 322, 390 P.2d at 111. See also Bishop v. Law Enforcement Merit System Council, 119 Ariz. 417, 581 P.2d 262 (App. 1978); Arizona Department of Public Safety v. Dowd, 117 Ariz. 423, 573 P.2d 497 (1977). In Bishop, the court elaborated on the function of the reviewing court in an action for certiorari:
In an action for certiorari, the reviewing court may not weigh the evidence on which the decision was based, but may only consider whether there is any evidence showing that the inferior tribunal acted within its jurisdiction.... The court looks to see whether the administrative action was arbitrary, capricious or an abuse of discretion and will only intervene where no evidence exists to support the decision.
119 Ariz. at 421, 581 P.2d at 266.
Furthermore, the State Bar Committee note to Rule 3 states that while subsection (a) of Rule 3 sets forth the traditional functions of the writ of mandamus, subsections (b) and (c) "inherit the tradition of the writs of certiorari and prohibition." It is clear beyond dispute that a writ of certiorari, now referred to as a special action, is a proper vehicle for determining whether a defendant acted arbitrarily or capriciously, or abused its discretion.
Furthermore, we note that the City adheres too closely to the technical distinctions between the various writs of certiorari, mandamus, and prohibition. The purpose of the rules governing special actions is to combine these traditional writs into one proceeding  a special action  and to eliminate any problems of label if the relief sought is within the scope of any of these traditional writs. State Bar Committee note to Rules 1 and 3. Rule 1 specifically states that "[s]pecial forms and proceedings for these writs are replaced by the special action provided by this Rule, and designation of the proceedings as certiorari, mandamus, or prohibition is neither necessary nor proper." (Emphasis added)
Even before the promulgation of the new special action rules, the courts in this state had held that regardless of the technical title of the writ, relief would be granted if the circumstances were appropriate. State ex rel. Hyder v. Superior Court, 128 Ariz. 216, 624 P.2d 1264 (1981). See also State ex rel. Ronan v. Superior Court; Stevenson v. Arizona Board of Pardons & Paroles, 109 Ariz. 412, 510 P.2d 384 (1973). Thus, even assuming that certiorari were limited to review of the lower tribunal's actions to determine if it acted within its jurisdiction, the trial court could have considered this matter as a special *336 action in the nature of mandamus which also lies to correct an arbitrary or unjust act or abuse of discretion. Rhodes v. Clark, 92 Ariz. 31, 373 P.2d 348 (1962).
The City points out that former A.R.S. § 9-465(E) (repealed 1974) provided for review of a decision of the Board of Adjustment via a Petition for Writ of Certiorari. That statute provided as follows:
A person aggrieved by a decision of the board, or a taxpayer, or municipal officer may, at any time within thirty days after the filing of the decision in the office of the board, petition a writ of certiorari for review of the board's decision. Allowance of the writ shall not stay proceedings upon the decision appealed from, but the court may, on application, on notice to the board and for good cause shown, grant a restraining order, and on final hearing may reverse or affirm, wholly or partly, or may modify the decision reviewed.
A.R.S. § 9-465(E) repealed by 1973 Ariz. Sess. Laws ch. 178, § 1 (West). This provision was eliminated when the Zoning Enabling Act was revised in 1974. A.R.S. §§ 9-462 to 462.08 (1977 & Supp. 1983). Thus, argues the City, the only method of review now is by way of certiorari, Schoenberger v. Board of Adjustment, 124 Ariz. 528, 606 P.2d 18 (1980), which provides for more limited review than that formerly available under A.R.S. § 9-465(E). See Sevilla v. Sweat, 9 Ariz. App. 183, 450 P.2d 424 (1969).
The legislature has recently amended the statute regarding the Board of Adjustment, A.R.S. § 9-462.06, by adding subsection (J) which is essentially identical to former A.R.S. § 9-465(E), except that "petition for writ of certiorari" has been replaced with "complaint for special action."[2] However this statutory provision was not enacted until 1982, after this petition was filed in superior court. Application of A.R.S. § 9-462.06(J) will have the effect of eliminating the Superior Court's discretion regarding acceptance of jurisdiction of this type of special action since it is now a statutory special action. See State Bar Committee note to Rule 1(b). Moreover, the authority of the Superior Court will be even broader under A.R.S. § 9-462.06(J) than in ordinary cases of certiorari, just as it was under A.R.S. § 9-465(E). See City of Phoenix v. Superior Court, 110 Ariz. 155, 515 P.2d 1175 (1973). In that case, the Arizona Supreme Court examined the authority of the Superior Court in reviewing a decision of the Board of Adjustment. The court stated:
If, upon examination of the record, the Superior Court finds undue haste, unfair procedures, mistakes of law, etc., the court may return the record to the Board with instructions to give the aggrieved person more time and fairer procedures and to apply correct rules of law in accordance with the court's opinion.
Id. at 158, 515 P.2d at 1178.
For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
FROEB and GREER, JJ., concur.
NOTES
[1] A.R.S. § 12-109(A) states in pertinent part: "The rules shall not abridge, enlarge or modify substantive rights of a litigant."
[2] A.R.S. § 9-462.06(J) (effective July 24, 1982) provides:

A person aggrieved by a decision of the board or a taxpayer, officer or department of the municipality affected by a decision of the board may, at any time within thirty days after the board has rendered its decision, file a complaint for special action in the superior court to review the board decision. Filing the complaint does not stay proceedings on the decision sought to be reviewed, but the court may, on application, grant a stay and on final hearing may affirm or reverse, in whole or in part, or modify the decision reviewed.