693 P.2d 984

**John D. KING, Plaintiff/Appellant,**

v.

**Stephen NEELY, Pima County Attorney; and Cindy Jorgenson, Deputy County Attorney, Defendants/Appellees.**

**No. 2 CA–CIV 5168.**

Court of Appeals of Arizona, Division 2.

Dec. 21, 1984.

Carl M. Tootle, Tucson, for plaintiff/appellant.

Stephen D. Neely, Pima County Atty. by David Ramage-White, Tucson, for defendants/appellees.

## OPINION

BIRDSALL, Chief Judge.

The appellant is a defendant in Pima County Superior Court case number CR–11161 where he is charged with child molestation. That criminal case is pending, the trial apparently having been delayed because of this civil appeal from the denial of special action relief to compel the appellees to admit appellant to a special rehabilitative program for child molesters. Admission and participation in that program would qualify him for a plea agreement. In that plea agreement, probation would not only be possible, the state would agree not to oppose probation.

■ The record in the trial court and in this court consists of the pleadings, various memoranda, a copy of a document entitled "Pima County Attorney Policies Concerning Child Sexual Abuse Within the Family Unit," and an affidavit of appellee Cindy Jorgenson. Although the hearing on the petition was reported, no transcript has been filed. Nor do we see any need for one since no evidence was presented. The trial court did not state the grounds for its decision as required by Rule 6, Rules of Procedure for Special Actions, 17A A.R.S. Although the appellant cites this omission as error, he was not prejudiced by the omission and we are able to adequately review the record despite the error. If the appellant considered this omission prejudi-

cial, he could have asked the trial court to amend its order. He did not do this.

■ Likewise, the appellant contends that it was error to dismiss the petition and deny relief without allowing discovery. The record does contain a notice of taking the deposition of Cindy Jorgenson and in his opening brief the appellant states that she refused to appear. The appellant, however, never presented this issue to the trial court by a motion to compel. The only reference in the record is in the appellant's motion for continuance. The motion was denied but we do not believe this constitutes a denial of discovery which we can now consider as error on appeal. Even assuming, arguendo, that the trial court had been given an opportunity to rule on a motion to compel Jorgenson to be deposed, we do not believe it would have been error to deny that motion. Ms. Jorgenson was the deputy county attorney who determined that the appellant was not eligible for referral to the program. Rule 4(e), Rules of Procedure for Special Actions, 17A A.R.S., provides that if a triable issue of fact is raised the action should be tried subject to special orders concerning discovery. For the reasons hereafter given for affirming the dismissal, we do not believe the appellant should have been permitted to take the deposition.

The program to which the appellant sought admission is the Child Sexual Abuse Treatment Program (CSATP). The program was established by the Child Sexual Abuse Unit of the Child Protective Services of the Department of Economic Security (DES) in conjunction with the Pima County attorney and law enforcement personnel. Generally its purpose is to treat the child molester. The county attorney's policies provide that only when the molester and the victim are members of the same family or have a family-like relationship can the molester get into the program at all. If this criterion is satisfied, then the favorable recommendation of "law enforcement specialists" must be secured. After certain initial procedures the criminal case is processed, culminating in a plea agreement

containing certain alternative provisions depending on the case and the defendant's record. As mentioned the agreement will permit a probation disposition. The foregoing is a very general description of the program and the county attorney's policies taken from the record on appeal. In their answer to the complaint the appellees allege that there are other criteria for admission into the program which may not appear in the record.

The real question presented to the trial court was whether the appellees can be ordered to admit the appellant into the program. Can the appellees' refusal to have the appellant admitted into the program be an abuse of discretion or arbitrary and capricious thus entitling the appellant to relief? Rule 3(c), Rules of Procedure for Special Actions, 17A A.R.S. We hold that the trial court correctly dismissed the special action in a summary manner.

There is no dispute over the fact that the prosecutor has discretion. The question is when and how is that discretion abused? When and how can the prosecutor's decisions be found to be arbitrary and capricious? We believe we answered that question in *State v. Brown*, 121 Ariz. 125, 126, 588 P.2d 867, 868 (App.1978) where we said:

"Generally, courts have no power to interfere with the discretion of the prosecutor unless he is acting illegally or in excess of his powers. [Citing *State v. Murphy*, 113 Ariz. 416, 555 P.2d 1110 (1976).]"

*Brown* involved the Pima County Adult Diversion Program.

Nothing in the record suggests that the appellees were acting illegally or in excess of their powers in refusing to sanction the appellant's entry into the program. In her affidavit, Jorgenson says the appellant was ineligible for the following reasons:

1. Length of time of molestation.

2. Type of sexual acts including intercourse and use of a dildo on the victim.

3. Use of pornographic materials.

4. Other unrelated incidents of sexual misconduct.

5. Investigating detective did not feel defendant was appropriate for C.S.A.T.P.

6. Mother of victim and victim want the Defendant fully prosecuted.

7. Victim is willing and able to testify.

8. There is no family to reunite—the mother and child victim are self-sufficient.

Assuming, arguendo, that the appellees were required to show that their actions were based on justifiable reasons and were not arbitrary and capricious or an abuse of discretion, these reasons would suffice. However, the trial court did not have to rely on these reasons since there was nothing to suggest illegality or that the rejection was in excess of the prosecutor's powers.

We turn again to the appellant's desire to depose the deputy county attorney. Even if the record was sufficient to preserve this issue for appeal, unless some showing of illegality or acting in excess of power was made, we hold that the appellant was not entitled to take that deposition. To permit such discovery would place an unnecessary burden on the prosecutor's office. That office must remain free and unhampered in the exercise of its discretion absent a founded reason to believe it is acting illegally or in excess of its powers.

We reject as inapplicable in Arizona those authorities upon which the appellant relies. The New Jersey opinions, *State v. Bender*, 80 N.J. 84, 402 A.2d 217 (1979) and *State v. Dalglish*, 86 N.J. 503, 432 A.2d 74 (1981), involve a pre-trial intervention program created by court rule. Under that program the court may postpone further proceedings against a defendant for a period of time while he participates in the program. Successful participation in this and other support programs will ultimately lead to a dismissal of the charges. The program director determines eligibility for admission, but the consent of the prosecutor must be obtained before a defendant may be admitted. See *State v. Leonardis*,

71 N.J. 85, 363 A.2d 321 (1976). Because a court rule was involved, the New Jersey Supreme Court held that it had both the responsibility and power to review and enforce the operation of the program. In *Leonardis* the court ordered that guidelines be adopted on a statewide basis. (363 A.2d at 340) Even then the court found that a "trial-type" proceeding to test a defendant's admission, rejection, or continuation in a program was not necessary. In *Leonardis* the court did affirm a trial court's order that the prosecutor give reasons for his decision.

*State v. Poplar,* 612 S.W.2d 498 (Tenn. 1980) involved a pre-trial diversion program enacted by the legislature of that state. That legislation itself contains certain criteria to be satisfied before diversion can be approved. In *Poplar* one defendant was found eligible and another not. In Tennessee the court will review prosecutorial decisions for abuse of discretion where diversion has been rejected. See also *State v. Hammersley,* 650 S.W.2d 352 (Tenn.1983). However, in order to set aside a prosecutor's decision, patent or gross abuse of that discretion must be shown. The prosecutor's decision is presumptively correct and if there is any substantial evidence to support the decision, it will be upheld. Likewise, *State v. Greenlee,* 228 Kan. 712, 620 P.2d 1132 (1980) involves a diversion program created by the legislature.

The program in the instant case is neither a creature of statute nor of rule. Rather it came about by the cooperative effort of at least two government agencies, DES and the Pima County Attorney's Office. Nowhere has the court been shown to be involved in its creation or administration. The court does not become involved until a plea agreement has been reached. In fact Rule 17.4(a), Rules of Criminal Procedure, 17 A.R.S., prohibits the court from participating in any plea negotiations.

We affirm the dismissal of the special action in the superior court. Absent some evidence that the prosecutor was acting illegally or in excess of the powers of that office, we do not believe the appellant is entitled to judicial review of the denial of his admission into the program.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.