IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| EILEEN C. CRANMER, | ) | 2 CA-CV 2002-0005 |
| | ) | DEPARTMENT B |
| Plaintiff/Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Real Party in Interest/Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CV2001-00302

Honorable Richard L. McAnally, Judge Pro Tempore

REVERSED

---

Grasso Chilton, P.C.
  By Robert Grasso, Jr.
                                                                    Tempe
                                                   Attorneys for Appellant

Janelle A. McEachern                                              Chandler
                                                     Attorney for Appellee

---

P E L A N D E R, Judge.

¶ 1          The State of Arizona appeals from the superior court's order granting special action relief to appellee Eileen Cranmer, arguing that the court disregarded Rule 38, Ariz. R. Crim. P., 17 A.R.S., erroneously held an evidentiary hearing, and improperly substituted its judgment for that of the Apache Junction municipal court. Because we agree that the superior

court incorrectly interpreted Rule 38 and abused its discretion in holding an evidentiary hearing, we reverse.

## BACKGROUND

¶ 2      The facts pertinent to our resolution of this appeal are not in dispute. The state charged Cranmer in municipal court with assault and criminal trespass after she was involved in an altercation with another woman, V. Pursuant to Rule 38.1, Ariz. R. Crim. P., the state moved to suspend the case for twelve months so that Cranmer could participate in a deferred prosecution program. The motion provided, inter alia, that Cranmer " shall remain a law-abiding citizen." Cranmer signed the state's motion immediately beneath a statement that she " agree[d] to participate in the deferred prosecution and diversion program." The municipal court granted the motion.

¶ 3      Approximately two months later, V., who had obtained an " Injunction Against Harassment Order" against Cranmer, reported to police that Cranmer had been following her and had made a rude gesture by " flip[ping] a bird" at her. After reviewing the police report and witness statements and personally interviewing the witnesses and the officer who had filed the report, the prosecutor concluded that Cranmer had breached the deferred prosecution agreement and moved to resume prosecution of Cranmer on the assault and criminal trespass charges pursuant to Rule 38.2, Ariz. R. Crim. P.

¶ 4      Cranmer opposed the resumption of the prosecution, claiming that the state had not established she had breached the deferred prosecution agreement. She argued that because the state had not convicted her of any crime, it had failed to show that she had not remained a law-abiding citizen, as provided in the state's original motion to suspend the prosecution. After a

nonevidentiary hearing on the issue, the municipal court granted the state's motion to resume the prosecution, concluding that the state was not required to prove Cranmer had violated the "deferred prosecution agreement" in order to resume prosecution under Rule 38.2, unless Cranmer could show either that the state was acting in an "arbitrary and/or capricious manner" or that she had suffered some prejudice as a result of the delay in prosecution. The municipal court then scheduled a pre-trial conference and set a trial date.

¶ 5        Cranmer filed a complaint for special action relief in the superior court, arguing that the municipal court had acted arbitrarily and capriciously and had abused its discretion in permitting Cranmer's prosecution to resume. The superior court ordered an evidentiary hearing, at which both Cranmer and V. testified, as did the prosecutor who had resumed Cranmer's prosecution and an expert on deferred prosecution programs. Much of the testimony focused on whether Cranmer had actually followed V. and made a rude gesture at her.

¶ 6        The superior court concluded that before the state may resume a deferred prosecution under Rule 38.2, the prosecutor must "present evidence to the Court that the action to vacate the suspension [of prosecution] [is] reasonable with due factual basis to determine [the prosecutor's] actions [are] reasonable." The court found the proof of the alleged following/rude gesture incident to be "very questionable" and determined that "there was never any following of [V.]" by Cranmer. The court further found that the prosecutor's decision to resume Cranmer's prosecution had been "arbitrary and capricious and without reasonable support by any facts or circumstances." Accordingly, the court granted special action relief, vacating the municipal court's order and directing that court to reinstate Cranmer to the diversion program. This appeal followed.

**DISCUSSION**

3

## I.  Standard of Review

¶ 7      " When a special action proceeding initiated in superior court is appealed to this court, we must conduct a bifurcated review." *Bazzanella v. Tucson City Court*, 195 Ariz. 372, ¶ 3, 988 P.2d 157, ¶ 3 (App. 1999).  We first determine whether the superior court accepted jurisdiction and decided the merits of the claim.  *Files v. Bernal*, 200 Ariz. 64, ¶ 2, 22 P.3d 57, ¶ 2 (App. 2001).  Because the court did so here, we then review its decision on the merits to determine whether it abused its discretion in granting or denying relief.  And, if " the superior court' s ruling hinged on pure issues of law, we review its legal conclusions de novo." *Norgord v. State ex rel. Berning*, 201 Ariz. 228, ¶ 4, 33 P.3d 1166, ¶ 4 (App. 2001).

## II.  Interpretation of Rule 38

¶ 8      The state first argues that the superior court ignored the plain language of Rule 38. 2 and erroneously imposed a burden upon prosecutors to show that their actions in resuming a prosecution are not arbitrary or capricious.  We review the interpretation of statutes and court rules de novo.  *Patterson v. Maricopa County Sheriff' s Office*, 177 Ariz. 153, 156, 865 P.2d 814, 817 (App. 1993); *see also Perguson v. Tamis*, 188 Ariz. 425, 427, 937 P.2d 347, 349 (App. 1996) (" Interpretation of the meaning and effect of a court rule is a question of law subject to de novo review.").  " [I]n construing court rules, we apply principles of statutory construction." *State v. Baca*, 187 Ariz. 61, 63, 926 P.2d 528, 530 (App. 1996).  And, " [o]ur primary objective is to discern and give effect to the intent of . . . our supreme court in promulgating [rules of court]." *Vega v. Sullivan*, 199 Ariz. 504, ¶ 8, 19 P.3d 645, ¶ 8 (App. 2001).  " [W]e focus on the language of the . . . rule and, if it is inconclusive or ambiguous, we then consider other factors such as [its] context, subject matter, effects, consequences, spirit, and purpose." *Id.*

¶ 9      Rule 38.2, Ariz. R. Crim. P., provides in pertinent part:

4

a. If the prosecutor is not satisfied that the defendant has fulfilled the conditions of the deferred prosecution program, he or she may file a written notice with the superior court that he or she desires that the order suspending prosecution be vacated and that prosecution of the defendant be resumed. . . .

b. Upon filing of the notice to resume prosecution the court shall vacate the order suspending prosecution and order that the prosecution of the defendant be resumed.

Rule 38.2 is consistent with A.R.S. § 11-365, which grants the county attorney "sole discretion" to divert or defer prosecution of a defendant. The plain language of the rule grants the discretion to resume prosecution of a defendant solely to the prosecutor. To resume prosecution, the prosecutor need only file written notice with the court, which then "*shall* vacate the order suspending prosecution." Ariz. R. Crim. P. 38.2(b) (emphasis added). The rule has no further requirements. Prosecutors need not produce evidence of the reasonableness of their actions, and courts need not evaluate or rule upon such evidence.

¶ 10 As Cranmer correctly points out, however, a prosecutor's discretion is not unlimited, and "there is such a thing as abuse of discretion." But, in general, "courts have no power to interfere with the discretion of the prosecutor unless he [or she] is acting illegally or in excess of his [or her] powers." *State v. Brown*, 121 Ariz. 125, 126, 588 P.2d 867, 868 (App. 1978) (whether to admit defendant into Adult Diversion Program is decision within prosecutor's discretion); *see also King v. Neely*, 143 Ariz. 329, 331, 693 P.2d 984, 986 (App. 1984) (within prosecutor's discretion to admit defendant into child molester's treatment program); *cf. State v. Donald*, 198 Ariz. 406, ¶ 39, 10 P.3d 1193, ¶ 39 (App. 2000) ("Discretion over plea bargaining is a core prosecutorial power, but . . . the courts may intervene to reinstate a plea offer that the State has withdrawn for vindictive reasons.").

¶ 11    Moreover, it was for Cranmer to allege and prove an abuse of discretion if she believed, as she apparently did, that the prosecutor had acted in an arbitrary or capricious manner. *See Woerth v. City of Flagstaff*, 167 Ariz. 412, 419, 800 P.2d 297, 304 (App. 1990) (" Generally, the party asserting a claim for relief has the burden of proving the facts essential to his [or her] claim."); *Yeazell v. Copins*, 98 Ariz. 109, 116, 402 P.2d 541, 546 (1965); *see also Tucson Public Schools v. Green*, 17 Ariz. App. 91, 93, 495 P.2d 861, 863 (1972) (" [T]he burden of proving an abuse of [a state agency' s] discretion was that of the one claiming such abuse."). Thus, by requiring the state to prove the reasonableness of its actions before resuming prosecution, the superior court imposed a burden on prosecutors and courts that is not contemplated by Rule 38.2 and is, as noted above, contrary to law.

## III.   Evidentiary Hearing

¶ 12    The state further argues that the superior court erred by holding an evidentiary hearing and substituting its own judgment for that of the municipal court, " abandon[ing] its role as a reviewing court." In a special action proceeding, the superior court may consider only:

> (a)    Whether the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion; or
>
> (b)    Whether the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority; or
>
> (c)    Whether a determination was arbitrary and capricious or an abuse of discretion.

Ariz. R. P. Special Actions 3, 17B A.R.S. And, although Rule 4(f), Ariz. R. P. Special Actions, provides that any " triable issue of fact . . . raised in a[] [special] action . . . shall be tried subject to special orders concerning discovery," a special action proceeding is not a trial de novo.

6

*Robertson v. Superior Court*, 136 Ariz. 440, 442, 666 P.2d 540, 542 (App. 1983); *Tucson Public Schools*, 17 Ariz. App. at 93, 495 P.2d at 863.

¶ 13    The municipal court ruled that the state has no obligation under Rule 38 to justify its actions before resuming prosecution of a defendant. But, as discussed previously, a defendant may present evidence that the state acted arbitrarily or capriciously by resuming prosecution. Accordingly, the municipal court properly assigned to Cranmer the burden of showing that the state's actions were arbitrary or capricious and gave her the opportunity to make such a showing. Because she failed to do so, the municipal court neither made nor was required to make any specific findings on whether the prosecutor's reinstatement of Cranmer's prosecution was either reasonable or arbitrary and capricious.[1]

¶ 14    In her subsequent complaint for special action relief, Cranmer alleged that the municipal court had acted arbitrarily and capriciously and had abused its discretion in allowing the state to resume the prosecution pursuant to Rule 38.2. Therefore, the superior court's only function was to apply those special action standards in reviewing the municipal court's order. Ariz. R. P. Special Actions 3(c). Thus, the superior court exceeded its authority by holding an evidentiary hearing on an issue—reasonableness of the prosecutor's actions—that was irrelevant to the only question properly before it—whether the municipal court had abused its discretion or acted arbitrarily or capriciously in permitting the prosecution to resume.

¶ 15    Issues concerning whether Cranmer actually had followed V. and made a rude gesture, or whether such a gesture can constitute a crime, were not relevant to the legal question before the superior court. The court therefore erred by exploring the underlying incident and

---

[1]Accordingly, we do not address the issue briefed and argued by the parties as to whether the state's resumption of Cranmer's prosecution was in fact arbitrary or capricious.

focusing on the prosecutor and the reasonableness of the prosecutor's actions, particularly when, as the court acknowledged, "factual information" bearing on those issues was "never presented" to the municipal court. By conducting what amounted to a trial de novo on the underlying facts of the following/rude gesture incident, and then concluding that the prosecutor's actions were "arbitrary and capricious and without reasonable support by any facts or circumstances," the superior court exceeded the scope of the special action proceeding. Ariz. R. P. Special Actions 3; *Robertson*, 136 Ariz. at 442, 666 P.2d at 542.

## CONCLUSION

¶ 16     For the foregoing reasons, the superior court abused its discretion in granting special action relief. *See Files*, 200 Ariz. 64, ¶ 2, 22 P.3d 57, ¶ 2 ("Generally, a court abuses its discretion where . . . the court commits an error of law in reaching the decision."). Accordingly, we reverse the superior court's order and remand the case for further proceedings consistent with this decision.

 

 

 

_____
JOHN PELANDER, Judge

CONCURRING:

 

 

_____
PHILIP G. ESPINOSA, Chief Judge

 

 

_____
WILLIAM E. DRUKE, Presiding Judge