534 P.2d 447

**The STATE of Arizona, Appellee,**

v.

**Robert Figueroa PUIG, Appellant.**

**No. 2 CA–CR 508.**

Court of Appeals of Arizona,
Division 2.

April 29, 1975.

Rehearing Denied June 3, 1975.

Review Granted Sept. 18, 1975.

Bruce E. Babbitt, Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div. by Georgia C. Butcher, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Karen D. Zizmor, Asst. Public Defender, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

Appellant raises three questions on appeal. First, was the initial stop of his vehicle improper? Second, was the search of the trunk of his car improper? Third, did the trial court err in its failure to dismiss the indictment for lack of a speedy trial? Having reviewed the record, we conclude that the failure to grant the motion to suppress was error.

At the evidentiary hearing on the motion to suppress, Arizona Highway Patrolman William Rogers was the only witness to testify. The facts revealed by his testimony are as follows. On May 8, 1974, at 6:45 p. m., appellant was seen driving a ve-

hicle onto Interstate 10. Rogers entered the highway some distance behind appellant's car, which contained two passengers. Appellant's car approached a right turn exit and Rogers saw appellant make a proper right turn signal with his arm. Thereafter, Rogers stopped appellant for the reason that he suspected the car's turn signals were not working because appellant used an arm signal. Rogers did not observe any traffic violations or suspicious activity on the part of appellant prior to stopping the car.

Upon stopping the car, appellant asked if he could proceed to a gas station because he was almost out of gas, and Officer Rogers approved this action. At the gas station, Rogers asked for appellant's license and car registration. Appellant could not find either, but instead gave the officer his fishing license containing his name and address. Rogers ran a check on the occupants of the car and determined that appellant had an expired driver's license and that the plates on the car had been issued to another vehicle.

When advised that the license plates did not belong to the vehicle driven by him, appellant indicated that he had borrowed the car from a friend. When asked if he knew what was in the trunk, appellant stated that he did not. Rogers then asked if he could look inside the trunk and appellant indicated that he could. Appellant, now outside the vehicle, proceeded to get the keys from the ignition to open the trunk. However, after having obtained the keys, appellant ran behind the gas station. Thereafter, he was subdued and returned to the vehicle. The trunk was opened and two plastic garbage bags of marijuana were found.

The preceding statement of facts clearly discloses that Rogers' sole reason for stopping appellant was his factually unfounded suspicion that appellant's car did not have functional signal lights. Appellant, by us-

ing an arm signal to make a right turn, was proceeding in a lawful manner. *See,* A.R.S. §§ 28–755 and 28–756. Pursuant to A.R.S. § 28–982, as amended, the police are authorized to stop and inspect vehicles where there is *"reasonable* cause to believe a vehicle is unsafe or not equipped as required by law. . . ."* (Emphasis added) It seems so obvious as to eliminate the need for explanation that operation of an automobile in a lawful manner does not establish reasonable cause to believe the driver is failing to comply with the motor vehicle code.

■ Nor was there any basis in fact to justify a mere investigatory field interrogation. Such a "stop" does constitute a seizure within the meaning of the Fourth Amendment to the United States Constitution. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Baltier, 17 Ariz.App. 441, 498 P.2d 515 (1972). In *Terry,* the Court recognized the necessity of police field interrogation procedure "where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot . . .." 392 U.S. at 30, 88 S.Ct. at 1884. In the instant case, there was never any unusual conduct upon which to predicate a reasonable suspicion that any criminal activity was afoot.

■ Appellee responds by asserting that, in retrospect, the seizing and questioning of appellant can be upheld on the grounds that a police officer may at any time stop a vehicle and demand production of a driver's license and vehicle registration, citing State ex rel. Berger v. Cantor, 13 Ariz. App. 555, 479 P.2d 432 (1971). See also, State v. Ream, 19 Ariz.App. 131, 505 P.2d 569 (1973). For the reasons stated in State v. Ochoa, Ariz.App., 534 P.2d 449, released simultaneously herewith, we expressly decline to follow the rationale of these cases.[1]

1. The facts of the instant case provide an even stronger basis upon which to find that the stop was improper due to lack of rea-

sonable grounds. In State v. Ochoa, supra, there was at least an allegation that the stopped vehicle met a stolen vehicle profile.

The following significant statement of the rule applicable to stops is made in United States v. Leal, 460 F.2d 385 (9th Cir. 1972):

"To establish that a stop without a search is reasonable, the government must show that such a stop was based on a founded suspicion. As this court stated in Wilson v. Porter (9 Cir. 1966) 361 F.2d 412, 415: '. . . [D]ue regard for the practical necessities of effective law enforcement requires that the validity of brief, informal detention be recognized whenever it appears from the totality of the circumstances that the detaining officers could have had reasonable grounds for their action. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.' [Citations omitted] In determining the reasonableness of a particular stop, the need for police action must be weighed against the inconvenience and intrusion which the search entails. [Citations omitted]" 460 F.2d at 387–88

■ There were no circumstances here from which a founded suspicion could arise. Such grounds might arise: (1) where the driver appeared to be too young to be licensed to drive; (2) pursuant to a lawful stop for a known violation of the motor vehicle code; (3) based upon a license plate identification check; or (4) the vehicle met the description of a stolen car.

■ Having concluded that the initial detention of appellant was unreasonable and violative of his Fourth Amendment rights, any incriminating evidence found as a result thereof is tainted and should have been suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963); United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).

Reversed and remanded for further proceedings consistent herewith.

HOWARD, C. J., concurs.

HATHAWAY, Judge (dissenting).

On the authority of State v. Ream, 19 Ariz.App. 131, 505 P.2d 569 (1973), and for the reasons given in my dissent in State v. Ochoa, filed this date, I respectfully dissent.