544 P.2d 201

STATE of Arizona, Appellee,

v.

Robert Figueroa PUIG, Appellant.

No. 3267–PR.

Supreme Court of Arizona,
En Banc.

Dec. 30, 1975.

Rehearing Denied Feb. 3, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Georgia C. Butcher, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Karen Zizmor, Asst. Public Defender, Tucson, for appellant.

HAYS, Justice.

Robert Figueroa Puig was convicted in the Superior Court of Pima County after trial without a jury of unlawful possession of marijuana for sale and unlawful transportation of marijuana. He was sentenced to serve 3 to 5 years in the Arizona State Prison. The Court of Appeals reversed the judgment and sentence. This court granted the state's petition for review. The decision of the Court of Appeals is vacated. *State v. Puig*, 23 Ariz.App. 516, 534 P.2d 447 (1975).

Puig, hereinafter referred to as the defendant, was driving on Interstate 10 in the vicinity of Ruthrauff Road on May 8, 1974. A highway patrol officer observed that the defendant used a hand signal to exit from Interstate 10 at the Ruthrauff Road exit. The officer stopped the defendant's vehicle since he suspected that the turn signals were inoperative. Defendant was immediately asked by the officer for his license and registration. He was unable to produce either, but was able to produce his fishing license. The officer made a radio check to determine whether defendant had a valid driver's license and to verify the vehicle's registration. The radio check revealed that defendant's license had expired and that the plates displayed did not belong to the vehicle. Defendant was advised of the officer's findings and was asked who the vehicle belonged to. Defendant stated that the vehicle was borrowed from a friend. A subsequent search of the trunk revealed the presence of two large plastic garbage bags filled with kilo bricks of marijuana.

The defendant presents three questions on appeal: 1) was the initial stop of the vehicle proper? 2) was the search of the vehicle trunk proper? 3) did the trial court err by its failure to dismiss the indictment pursuant to Rule 8.6, Rules of Criminal Procedure?

In answering defendant's first question, we have held that a police officer may stop a vehicle to check apparent defects in safety devices. *State v. Harrison*, 111 Ariz. 508, 533 P.2d 1143 (1975). The police officer testified that he asked defendant for his driver's license and registration after he approached defendant's vehicle. A police officer may first request the driver's license and registration before conducting a safety inspection. Once the defendant failed to produce a license or registration, it was proper for the officer to make the subsequent radio check. We find the initial stop of the vehicle proper.

Defendant next argues that the search of the vehicle's trunk was improper. After the police officer questioned defendant on the ownership of the vehicle, he asked defendant if he was aware of the contents of the trunk. Defendant stated that he was not. The officer then asked if he could look in the trunk. The defendant responded "yes." Defendant then took the keys from the ignition and walked to the front of the car where he spoke to the two other occupants of the vehicle. All three appeared nervous to the police officer. The officer and defendant subsequently went toward the rear of defendant's vehicle whereupon defendant fled and was subsequently apprehended. The officer then used the defendant's keys to open the trunk and discovered the two plastic bags of marijuana.

It is well-established law that a vehicle "may be searched without a warrant upon facts not justifying a warrantless search of a residence or office." *Dyke v. Taylor Implement Manufacturing Co.*, 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968). The right to search, however, is dependent on "the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The exception to the requirement of a search warrant is based on the fact that "[T]he circumstances that furnish probable cause

to search a particular auto for particular articles are most often unforeseeable; moreover, the opportunity to search is fleeting since a car is readily movable." *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Cardwell v. Lewis,* 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974).

 The defendant was being lawfully detained while his driver's license and vehicle registration were being investigated. *State v. Kelley,* 104 Ariz. 418, 454 P.2d 563 (1969). Once the officer had discovered that defendant's license had expired and that the plates belonged to another vehicle, defendant was properly subject to arrest. Defendant's subsequent consent to search, followed by his nervous behavior and eventual attempt to escape, were sufficient circumstances to furnish probable cause to justify the officer's warrantless search of the trunk for contraband.

Defendant's final contention is that the trial court erred in its failure to dismiss the indictment on the grounds that he was denied his right to a speedy trial guaranteed by Rule 8, Rules of Criminal Procedure. Defendant states that he was prepared to go to trial from September 4 to September 18, 1974, and October 7 to November 6, 1974. He argues that that period of time should not be excluded pursuant to Rule 8.4(c), Rules of Criminal Procedure. The trial court in its minute entry dated November 18, 1974, took judicial notice that the congestion of the trial calendars for the period September 4, 1974, through September 18, 1974, and October 17, 1974, through November 8, 1974, was attributable to extraordinary circumstances within the provisions of Rule 8.4(c), Rules of Criminal Procedure. The minute entry also stated that the presiding judge promptly notified the chief justice of these circumstances. We find that the period of time referred to in the trial court's minute entry was properly excluded under Rule 8.4(c), Rules of Criminal Procedure. After deducting the excluded period mentioned above, in addition to the delays resulting from continuances excluded under Rule 8.4(d), we find that defendant's trial was within the 90-day limit set by Rule 8.2(c), Rules of Criminal Procedure.

Judgment and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.