544 P.2d 1111
**The STATE of Arizona, Appellant,**
**v.**
**Sergio Flores GRADILLAS, Appellee.**
**No. 2 CA–CR 723.**

Court of Appeals of Arizona,
Division 2.
Jan. 26, 1976.
Rehearing Denied March 4, 1976.
Review Denied March 30, 1976.

E. Leigh Larson, Santa Cruz County Atty. by Richard N. Groves, Deputy County Atty., Nogales, for appellant.

Solsberry & McDonald by Kerry A. McDonald, Nogales, for appellee.

## OPINION

HOWARD, Chief Judge.

On April 9, 1975, Officer Charles Knapp, a patrolman with the Arizona Highway Patrol, was on duty on Interstate Highway I-19 working radar at mile post 9 when he observed a Ford stationwagon driven by appellee suddenly drop its speed from 54 m.p.h. to 44 m.p.h. As he watched the vehicle go by, the officer observed that it had no license plate affixed to the rear. He did, however, observe that the vehicle had a temporary registration sticker but observed no expiration date. He pursued the vehicle. When it stopped, he walked up to the driver (appellee) and asked him for his driver's license and registration. Appellee produced the driver's license but was unable to produce any certificate of registration. When the officer asked him who owned the car, appellee started to stutter and responded that it belonged to one Edward Carrillo.

Since the officer detected the odor of an intoxicant upon appellee's breath, he asked him to step out of the car and turn the engine off. Appellee stated that he could not start the engine again if he turned it off. The officer then asked him to leave the engine running and step to the back of the vehicle. Once appellee was out of the vehicle, the officer observed that he was not intoxicated. The officer then went to the back of the vehicle and observed that the sticker did in fact have an expiration date

of April 2, 1975 apparently having been written by a ballpoint pen. Upon closer examination of the sticker, the officer saw that the registered owner on the sticker was a Luis Medina. The officer again asked appellee who the owner was and again appellee stated that the owner was Edward Carrillo. Since appellee was unable to turn the engine off, the officer became suspicious that the vehicle might be stolen. He therefore returned to his car and radioed for a report on the vehicle. While waiting for the information, he walked back to the vehicle to see if it was "hot wired". He looked inside through the car window to see what kind of key was in the ignition and also to see if he could observe any wires underneath the dash. At this point he detected the odor of what appeared to be marijuana.

The officer then asked appellee what the odor in the vehicle was. Appellee responded that there was no odor. At this point the officer asked him to open the rear door of the vehicle, but appellee was unable to do so. The officer then told him to get inside the vehicle and open it from the inside. Appellee was still unable to do so. He was then told to open the spare tire compartment. When this was opened by appellee, the officer was able to observe a gunnysack which contained several packages of marijuana, 44 kilos in all. Appellee was arrested and charged with two counts of unlawful possession of marijuana for sale and unlawful transportation of marijuana.

At a hearing on a motion to suppress the evidence of the marijuana, the trial court granted appellee's motion on the ground that the officer, by requiring appellee to open the compartment, coerced a confession by action from appellee, and that prior to requiring appellee to so act, it was incumbent upon the officer to give him his "Miranda rights". The trial court, in addition to granting the motion to suppress, also granted "a directed verdict of acquittal". The State claims this was error and we agree.

We first note that the State does not rely upon consent to justify the search of the vehicle. Therefore the principles set forth in *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) have no application here. We do not however, believe that appellee's Fifth Amendment privilege against self-incrimination was infringed because he was, in effect, compelled to testify against himself by opening up the compartment. The Fifth Amendment privilege which appellee seeks to invoke does not prohibit all forms of self-incrimination, but rather constitutes only a testimonial privilege. The act of opening the compartment was a physical act, non-testimonial in nature, and therefore there was no necessity to give appellee his "Miranda rights". *State v. Brotherton*, 2 Or.App. 157, 465 P.2d 749 (1970).

Appellee seeks to support the trial court's ruling by contending the officer had no right to stop the vehicle in the first instance and in any event had no right to demand that appellee produce his driver's license and registration prior to proceeding to the back of the vehicle to inspect the temporary sticker. We do not agree with this contention. The officer had the right to stop the vehicle to determine if the temporary sticker had expired. See A.R.S. Secs. 28–1317 and 28–1326.

Furthermore, the officer had the right, upon stopping the vehicle, to immediately demand production of the driver's license and registration. *State v. Puig*, Ariz., 544 P.2d 201 (1975).

The granting a judgment of acquittal at a motion to suppress hearing and prior to trial was improper. Rule 20, Rules of Criminal Procedure.

The order granting the motion to suppress and the judgment of acquittal are set aside and the case is remanded for further proceedings.

KRUCKER and HATHAWAY, JJ., concur.