895 P.2d 1036

**STATE of Arizona, Appellant,**

v.

**Melinda RICKARD–HUGHES, Appellee.**

**No. 1 CA–CR 94–0547.**

Court of Appeals of Arizona, Division 1, Department E.

May 18, 1995.

274

David S. Ellsworth, Yuma County Atty. by Mark Edward Hessinger, Deputy County Atty., Yuma, for appellant.

Richard D. Engler, Yuma, for appellee.

## OPINION

GRANT, Judge.

This is an appeal by the State of the trial court's dismissal of charges against Melinda Rickard–Hughes ("Defendant"). We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes Annotated sections ("A.R.S. §§ ") 12–120.21(A)(1) and 13–4031 and 13–4032.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 30, 1993, the Yuma police assisted Yuma adult probation in a search of a residence where they seized various drugs, drug paraphernalia, and weapons. Defendant was at the residence and admitted to police that she had recently used methamphetamine. A drug test was conducted and showed that Defendant was positive for methamphetamine. Defendant was indicted for Use of a Dangerous Drug. *See* A.R.S. § 13–3407(A)(1). The indictment alleged that the drug use occurred in Yuma, Arizona.

Before trial, on March 7, 1994, Defendant filed a motion to dismiss challenging the trial

court's jurisdiction. Defendant argued that there was "no evidence supporting the allegation that the use occurred within the jurisdiction of the State of Arizona." After a hearing, the trial court granted Defendant's motion to dismiss. In its order, the trial court held that there was no way the State could meet its burden of proof "under the facts of this case." The Defendant alleged that the State was unable to prove that she committed an offense in Arizona or that if she took drugs in Arizona that the drugs were a usable amount as required by law. The trial court agreed.

## ISSUE

Did the trial court commit reversible error by ordering dismissal of the charges against Defendant? Because the trial court's order did not clearly state the basis for the dismissal, we must consider three possibilities: (1) Dismissal for lack of subject matter jurisdiction; (2) Rule 16.6(b) Dismissal of Prosecution on Defendant's motion; or (3) Rule 20(a) Judgment of Acquittal (Directed Verdict).

## DISCUSSION

### I. Dismissal for Lack of Jurisdiction

■ At the hearing on Defendant's motion, the trial judge stated that dismissal was not required for lack of jurisdiction because A.R.S. § 13–108(A)(1) provides an adequate basis for jurisdiction. We agree. The indictment alleged that the crime took place in Yuma, Arizona. Defendant lived in Yuma, and was present at the residence where drugs and paraphernalia were seized. Furthermore, Defendant tested positive for and admitted to recent use of methamphetamine. Jurisdiction was thus properly alleged in the indictment. Whether the alleged drug use actually took place in Arizona is an issue of fact to be determined at trial by the finder of fact.

### II. Rule 16.6(b) Dismissal

■ Defendant argues that Arizona Criminal Rule of Procedure 16.6(b) justifies the dismissal. However, the facts of this case do not justify dismissal pursuant to Rule 16.6(b). First, Rule 16.6(b) plainly states:

**b. On Defendant's Motion.** The court, on motion of the defendant, shall order

that a prosecution be dismissed upon finding that the indictment, information, or complaint is insufficient as a matter of law.

The trial court did not find that the indictment in this case was insufficient as a matter of law. An indictment is legally sufficient if it informs the defendant of the essential elements of the charges; is sufficiently definite so that the defendant can prepare to meet the charges; and protects the defendant from subsequent prosecution for the same offense. *State v. Kerr,* 142 Ariz. 426, 431, 690 P.2d 145, 150 (App.1984); Rule 13.2, Ariz.R.Crim.P. In this case, the indictment alleged the specific statute that the defendant was charged with violating, the approximate date and place of the alleged drug use, and the type of drug allegedly used. The indictment was therefore legally sufficient. *See State v. Van Vliet,* 108 Ariz. 162, 163, 494 P.2d 34, 35 (1972).

■ Rule 16.6(b) is not the proper procedural means for dismissal when the trial judge believes the evidence against the defendant is insufficient to go to the jury. Weighing the evidence before trial is not appropriate. However, the language of the trial court's dismissal order indicates that it was weighing the evidence:

It is the state's duty *ultimately* to prove guilt beyond reasonable doubt. As to a motion to dismiss its obligation is to show there is a reasonable basis to go forward to trial.

This court cannot envision a set of facts which would allow this case to go to a jury on the facts which the state now has.

The trial court essentially concluded that there was no substantial evidence that would justify a conviction of Defendant. However, dismissal on this basis is only proper pursuant to Rule 20.

### III. Rule 20 Judgment of Acquittal

■ A trial court may enter a judgment of acquittal before the verdict "if there is no substantial evidence to warrant a conviction." Ariz.R.Crim.P. 20. However, a Rule 20 acquittal may not be entered until "the evidence on either side is closed...." *Id.;* *State v. Gradillas,* 25 Ariz.App. 510, 512, 544 P.2d 1111, 1113 (1976) (holding that a judg-

ment of acquittal entered at a suppression hearing and prior to trial was improper).

■ Therefore, the trial court's dismissal in this case cannot be sustained by Rule 20 because the Motion to Dismiss was filed before trial. The proper time for the trial court to conduct such a review of the evidence is after the State rests its case against Defendant. If at that time there is no substantial evidence to support a guilty verdict, dismissal of the charges would be proper.

## CONCLUSION

Because the trial court lacked authority to order dismissal of the charges against Defen-dant, we reverse the order of dismissal and remand for further proceedings and trial.

KLEINSCHMIDT, P.J., and CONTRERAS, J., concur.