NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KURT ALLEN DENHAM, *Petitioner*.

No. 1 CA-CR 13-0718 PRPC

FILED 3-17-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 2011-005737-001
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Kurt Allen Denham, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie, Judge Patricia K. Norris and Judge Randall M. Howe delivered the decision of the court.

**PER CURIAM**:

¶1 Kurt Allen Denham petitions for review from the superior court's dismissal of his petition for post-conviction relief. For the following reasons, we grant review but deny relief.

¶2 Denham pled guilty to three counts of attempted sexual exploitation of a minor, all dangerous crimes against children, and two counts of possession of obscene items. The superior court sentenced Denham to consecutive terms of 1.5 years' imprisonment for the two counts of possessing obscene items and placed him on lifetime probation for the remaining counts. Denham filed a *pro se* petition for post-conviction relief of-right after his counsel found no colorable claims for relief. The superior court summarily dismissed the petition, and Denham now seeks review. This Court has jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3 Rather than identify specific claims for relief supported by independently developed arguments, citations to legal authority and complete citations to the record, Denham attempts to present issues for review by incorporating by reference the petition for post-conviction relief he filed in the superior court. However, a petition for review may not incorporate by reference any issue or argument. The petition must set forth specific claims, present arguments supported by legal authority, and include citations to the record. Ariz. R. Crim. P. 32.5, 32.9(c); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991). "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11, 115 P.3d 1261, 1263 (2005). On the contrary, a petitioner must "strictly comply" with Rule 32 in order to obtain relief. *Id.*

¶4 The one argument Denham arguably presents in appropriate fashion is that his trial counsel was ineffective by failing to challenge the indictment based on its failure to include a sufficient "statement of facts." Even so, relief is inappropriate as to this issue. First, a plea agreement waives all non-jurisdictional defenses, errors, and defects that occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200, 655 P.2d 23, 24 (App. 1982), *rev'd on other grounds*, *State ex rel. Dean v. Dolny,* 161 Ariz. 297, 778 P.2d 1193 (1989). Second, an indictment is legally sufficient if it informs the defendant of the essential elements of the charge, is definite enough to permit the defense to prepare to defend against the charge, and affords the defendant protection from subsequent prosecution for the same offense. *See State v. Rickard-Hughes*, 182 Ariz. 273, 275, 895 P.2d 1036, 1038 (App. 1995). There is no requirement that the indictment outline the theory by

which the State will try the case; the indictment need only contain sufficient notice of the charges. *State v. Schwartz*, 188 Ariz. 313, 320, 935 P.2d 891, 898 (App. 1996). The indictment in this case was more than sufficient, and trial counsel was not ineffective for failing to challenge the absence of a more specific statement of facts for each count.

¶5        Finally, the petition for review includes issues that Denham did not raise in the petition for post-conviction relief filed in the superior court. A petition for review may not present issues not first presented to the superior court. *Bortz*, 169 Ariz. at 577, 821 P.2d at 238; *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *see* Ariz. R. Crim. P. 32.9(c)(1)(ii).

## CONCLUSION

¶6        For the reasons stated, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama

3