EPPICH, Judge:
*1101 ¶ 1 In this special action, petitioner State of Arizona challenges the respondent judge's decision to grant a judgment of acquittal in favor of real party in interest Rhiannon Whitney, pursuant to Rule 20, Ariz. R. Crim. P., after the respondent declared a mistrial due to juror misconduct. We conclude the respondent lacked authority to grant the motion, and therefore accept jurisdiction and grant relief, vacating the judgment of acquittal.
¶ 2 Whitney was charged with four counts of child abuse under circumstances likely to produce death or serious physical injury, and one count of child abuse under circumstances not likely to produce death or serious physical injury. The state alleged Whitney had failed to seek medical attention for damage and infection to the child's lower jaw, upper lip, nasal septum, and "bruising over surface of [the] body," as well as "causing or permitting" a "laceration and damage to [the] left ear." The matter was tried to a jury, and at the close of the state's case Whitney moved for a judgment of acquittal pursuant to Rule 20(a). The respondent judge granted the motion as to one count of child abuse likely to produce death or serious physical injury, but denied the motion as to the remaining charges.
¶ 3 After the matter was submitted to the jury, the respondent judge discovered that a juror had "printed out definitions of legal terms for the jury's use during deliberations." Whitney moved for a mistrial, and, on February 8, 2017, the respondent granted the motion, having found that "at least two jurors actively sought out information other than what was provided to them." The respondent discharged the jury and set a status conference for February 27.
¶ 4 On February 16, however, Whitney filed a "Motion for Reconsideration of the Rule 20(a) Judgement of Acquittal." She argued the state had not presented evidence as to "what effect, if any, the delay" in Whitney's reporting the child's injuries "had on her injuries or prognosis" or whether "the delay in seeking medical attention increased the child's risk of harm." In its response, the state argued it had presented substantial evidence to support the convictions, pointing to evidence presented at trial, and asserted Whitney's reliance on certain case law was misplaced. Whitney filed a supplement to her motion, arguing an additional point on one count and asserting she was bringing the motion "under Rule 20b in the alternative," although "counsel believe[d] that Rule 20a is the more appropriate mechanism under the circumstances."
¶ 5 The respondent judge did not hear argument on the motion until June 2017. At the hearing, Whitney reasserted the arguments made in her motions. The state asserted that the motion was too late under Rule 20(a), because the respondent had already entered a ruling, and could not be heard under Rule 20(b) because no verdict had been entered. The respondent stated she was treating the motion "as a motion to reconsider, not a brand new motion for a directed verdict of acquittal," concluded she could therefore consider it, and granted the motion as to three counts, denying it as to one count of child abuse likely to produce death or serious injury.
¶ 6 Our acceptance of special action jurisdiction is appropriate when there is no "equally plain, speedy, and adequate remedy by appeal," Ariz. R. P. Spec. Act. 1(a), and when the issue presented is a pure question of law, Phx. Newspapers, Inc. v. Ellis , 215 Ariz. 268, ¶ 9, 159 P.3d 578, 580 (App. 2007). The question presented in this matter is one of law, and the state has no right to appeal the ruling. See A.R.S. § 13-4032 (providing grounds for appeal by state). Although § 13-4032(7) allows the state to appeal from a judgment of acquittal "entered after a verdict of guilty," no such verdict was entered in this matter. We therefore accept special action jurisdiction and turn to the question presented.
¶ 7 In its petition, the state contends Whitney's Rule 20 motion was untimely and the respondent therefore lacked authority to consider it. "We review the interpretation of statutes and court rules de novo." Fragoso v. Fell , 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (App. 2005), quoting *1102 Cranmer v. State , 204 Ariz. 299, ¶ 8, 63 P.3d 1036, 1038 (App. 2003). We interpret court rules "using principles of statutory construction," seeking to follow the intent of the drafters, looking first "to the plain language of the ... rule as the best indicator of that intent." Id. "If the language is clear and unambiguous, we give effect to that language and do not employ other methods of statutory construction."[2] Id.
¶ 8 Rule 20 sets forth the procedure for seeking a judgment of acquittal in a criminal matter. It provides that such a motion may be made "[b]efore [v]erdict" "after the evidence on either side is closed" and dictates that the "court's decision on a defendant's motion shall not be reserved, but shall be made with all possible speed." Ariz. R. Crim. P. 20(a). The rule further provides that "[a] motion for judgment of acquittal made before verdict may be renewed by a defendant within 10 days after the verdict was returned." Ariz. R. Crim. P. 20(b). In providing the "[t]ypes of verdict[s]," Rule 23.2, Ariz. R. Crim. P., establishes that except for specialized verdicts, such as guilty except insane or capital verdicts, "the jury shall in all cases render a verdict finding the defendant either guilty or not guilty."
¶ 9 In view of this plain language, the respondent judge lacked authority to consider Whitney's renewed Rule 20 motion.[3] The respondent ruled on her motion made pursuant to Rule 20(a) at the close of the state's case. Thus, the only remaining option under the rule was for Whitney to renew the motion after the verdict.[4] See Ariz. R. Crim. P. 20(b). But, because the respondent declared a mistrial, the jury did not render a verdict. We cannot read the term "verdict" to include a situation in which a jury is discharged without reaching a verdict. Had our supreme court intended to allow a motion for judgment of acquittal to be renewed after a mistrial had been declared or the jury was otherwise discharged without reaching a verdict, it could have done so expressly. See State v. Coulter , 236 Ariz. 270, ¶ 8, 339 P.3d 653, 657 (App. 2014) (if legislature wanted provision, it could have expressly provided it).
¶ 10 Indeed, the Federal Rules of Criminal Procedure, as well as the procedural rules of many other states, so provide. See, e.g. , Fed. R. Crim. P. 29 ; Alaska R. Crim. P. 29 ; Colo. R. Crim. P. 29 ; Del. Super. Ct. Crim. R. 29 ; Haw. R. Penal P. 29 ; Idaho Crim. R. 29 ; Iowa R. Crim. P. 2.19(8) ; Kan. Stat. Ann. § 22-3419 ; Me. R. U. Crim. P. 29; Mass. R. Crim. P. 25 ; Pa. R. Crim. P. 606 ; Tenn. R. Crim. P. 29 ; W. Va. R. Crim. P. 29 ; Wyo. R. Crim. P. 29. But when our supreme court amended Rule 270 of the 1956 Arizona Rules of Criminal Procedure in 1975, it did not include a provision allowing for such a motion after discharge of a jury or after mistrial. The comment to the 1975 version of Rule 20, states that the rule was similar to Rule 270, but "[t]he one substantial addition is the motion for judgment of acquittal after verdict, which was not formerly permissible." It noted, "This rule is drawn from ... the Federal Rules of Criminal Procedure, Rule 29." In both the 1968 and 1978 versions of the Federal Criminal Rules, Rule 29 provided for the grant of a motion for judgment of acquittal after a mistrial. Our supreme court did not include that provision. We must conclude from the language of the rule it did not intend to extend a trial court's authority to grant a judgment of acquittal when no verdict was entered. See Fell , 210 Ariz. 427, ¶ 7, 111 P.3d at 1030.
¶ 11 Furthermore, our supreme court has ruled, "the trial court's jurisdiction in post-trial motions is limited to that set out in the Rules, and an exercise of that jurisdiction is permissible only upon the grounds specified *1103 therein." State v. Superior Court , 124 Ariz. 288, 289, 603 P.2d 915, 916 (1979), quoting State v. Falkner , 112 Ariz. 372, 374, 542 P.2d 404, 406 (1975). This principle is consistent with those set forth in decisions of other states as well as the United States Supreme Court. See Carlisle v. United States , 517 U.S. 416, 433, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (concluding district court lacked authority to grant judgment of acquittal filed one day outside time limit), Rhyne v. State , 209 Ga.App. 548, 434 S.E.2d 76, 79 (1993) ; Johnson v. State , 452 Md. 702, 158 A.3d 1005, 1017 (2017) (concluding trial court acted without authority in entering judgment of acquittal "outside of the strictures" of state procedural rules). Nothing in Rule 20 allows a trial court to grant a Rule 20 motion after a jury has been released following a mistrial, therefore the respondent judge had no authority to do so.
¶ 12 And, once the mistrial was granted, the respondent judge essentially returned the matter to a pretrial posture. This court has previously determined that a Rule 20 motion may not be granted before trial. State v. Rickard-Hughes , 182 Ariz. 273, 275-76, 895 P.2d 1036, 1038-39 (App. 1995), citing State v. Gradillas, 25 Ariz. App. 510, 512, 544 P.2d 1111, 1113 (1976).
¶ 13 The respondent judge believed, however, as Whitney argues in her response to the petition for special action, that she could grant the judgment of acquittal pursuant to a motion for reconsideration under Rule 16.1, Ariz. R. Crim. P. That rule, however, specifies that it "shall govern the procedure to be followed in cases between arraignment and trial." Ariz. R. Crim. P. 16.1(a). In that context it provides that "an issue previously determined by the court shall not be reconsidered," "except for good cause." Ariz. R. Crim. P. 16.1(d). Indeed, Rule 16.1(d) is entitled "Finality of Pretrial Determinations." (Emphasis added.) Whitney's Rule 20 motion, which is not a pretrial motion under the rules, falls instead under the heading "Trial." Additionally, even were we to have concluded Rule 16 could be applied to other than pretrial motions, Rule 20 provides a mechanism for renewal of the motion and therefore falls outside the scope of Rule 16, which prescribes procedure, "unless [it is] specifically provided by another rule." Ariz. R. Crim. P. 16.1(a). In sum, Rule 16 did not provide a procedural mechanism for the respondent to grant the judgment of acquittal.
¶ 14 For these reasons, we accept special action jurisdiction in this matter and grant relief, vacating the judgment of acquittal.

In her response to the state's petition for special action, Whitney merely mentions the Due Process Clause, but does not otherwise address any constitutional issues possibly raised by these matters. We therefore do not address any such possible concerns. See State v. Bolton , 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995).

Whitney argues the state waived its timeliness argument because it failed to include it in its written response to her Rule 20(a) motion. But the state squarely presented the argument to the respondent at the hearing on the renewed motion, after the respondent invited additional argument. The respondent thus had the opportunity to rule on the issue and, in our discretion, we address the argument. See State v. Aleman , 210 Ariz. 232, ¶ 24, 109 P.3d 571, 579 (App. 2005) ("[W]aiver is a procedural concept that courts do not rigidly employ in mechanical fashion.").

We do not read Rule 20(a)'s provision for a motion after the close of the defendant's evidence to extend to after a mistrial.